Case 2:24-cv-00068   Document 38   Filed on 08/27/24 in TXSD   Page 1 of 14

United States District Court
Southern District of Texas
**ENTERED**
August 27, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE HOLBERT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:24-CV-00068 |
| | § | |
| THOMPSON INDUSTRIAL SERVICE LLC, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND RECOMMENDATION**

Plaintiff Joe Holbert is appearing *pro se* and *in forma pauperis* in this employment discrimination action. This case is subject to screening pursuant to the *in forma pauperis* statute. 8 U.S.C. §§ 1915(e)(2).[1]

The undersigned recommends for purposes of screening that all of Plaintiff's claims be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) because Plaintiff fails to state a claim on which relief may be granted. Additionally, the undersigned

---

[1] Mr. Holbert is a civilian who is not in custody. Nevertheless Section 1915(e)(2)(B) screening applies equally to prisoner as well as non-prisoner *in forma pauperis* cases. *See Newsome v. Equal Emp't Opportunity Comm'n,* 301 F.3d 227, 231–33 (5th Cir. 2002) (affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)); *Cieszkowska v. Gray Line New York,* 295 F.3d 204, 205–206 (2nd Cir. 2002) (affirming dismissal of *in forma pauperis* non-prisoner case for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)); *See also Benson v. O'Brian,* 179 F.3d 1014, (6th Cir. 1999) (complaints in actions not pursued *in forma pauperis* are *not* subject to "screening" under § 1915(e)(2)); *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (same).

recommends the Court **GRANT** Defendant Clean Harbors Environmental's ("Clean Harbors") Rule 12(b)(6) Motion to Dismiss. (D.E. 21).

## I. JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II. PROCEDURAL BACKGROUND

On March 13, 2024, Mr. Holbert filed his complaint *pro se* with an application to proceed *in forma pauperis* (IFP). (D.E. 1, 2:24-mc-00045). United States Magistrate Judge Mitchel Neurock granted the IFP application on March 14, 2024. (D.E. 2, 2:24-mc-00045). This case was then given the above captioned civil action number and was assigned to United States District Judge Nelva Gonzalez Ramos. Judge Ramos referred the case to the undersigned for case management and all pretrial purposes in accordance with 28 U.S.C. § 636. (D.E. 3). On April 3, 2024, a status conference was held at which the undersigned cautioned Plaintiff about deficiencies in his complaint. Plaintiff was ordered to file an amended complaint on or before May 3, 2024, and was further ordered to submit summonses to the Clerk of Court for service. (D.E. 6). The Court received Plaintiff's Amended Complaint on April 26, 2024. (D.E. 7).

On May 28, 2024, Clean Harbors filed its motion to dismiss for improper service and under Rules 12(B)(5) and 12(B)(6). Plaintiff was ordered to file a response to the motion to dismiss on or before June 28, 2024. (D.E. 22). On June 10, 2024, Plaintiff filed

a response to the Clean Harbor's motion to dismiss. (D.E. 27). Clean Harbors has filed a reply. (D.E. 29).

On June 10, 2024, a status conference was held at which the undersigned admonished Plaintiff that Defendant Thompson Industrial Service LLC ("Thompson Industrial") had not been served. The undersigned granted Plaintiff an extension and ordered Plaintiff to complete another summons form with the proper address for service for Thompson Industrial and to deliver it to the Clerk of Court for service on or before June 24, 2024. The undersigned further cautioned Plaintiff that unserved defendants were subject to being dismissed for lack of service. (D.E. 28). Further, Plaintiff was also cautioned that his complaint was still factually deficient and, therefore, he was ordered to file a more definite statement on or before June 28, 2024. (D.E. 28). Additionally, to better understand Plaintiff's claims, he was also ordered to file documentation that he timely filed a charge of discrimination with the Equal Employment Commission. (D.E. 28, p. 2).

After requesting and being granted several extensions (D.E. 30, 31, 32, 33, 34, & 35), Plaintiff filed a second "Added Amendment" (D.E. 36) which the undersigned construes as Plaintiff's more definite statement. Plaintiff's "Added Amendment" (D.E. 36) does not comply with the undersigned's order for a more definite statement. (D.E. 28). Plaintiff was ordered to list each defendant, explain what each defendant did to violate Plaintiff's rights and explain why this Court has jurisdiction. (D.E. 28). Instead, Plaintiff filed photocopies of a legal resource which includes case summaries and general propositions of law. Additionally, Plaintiff did not file his right to sue letter from the EEOC

or any other documents as ordered. Clean Harbors filed a response to Plaintiff's "Added Amendment" noting that Plaintiff's pleading is almost illegible, does not comply with the Court's order and is devoid of any facts. (D.E. 37).

### III.    Plaintiff's Claims

Plaintiff's claims are difficult to summarize because his pleadings are unorganized and are not set forth clearly. However, to ensure justice and access to the courts, courts interpret pleadings of *pro se* litigants liberally. *See United States v. Robinson*, 78 F.3d 172, 174 (5th Cir. 1996) (citing *United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983)). *Pro se* actions will not be dismissed based on technical pleading defects and should be construed to ensure such claims are given fair and meaningful consideration despite the unrepresented litigant's unfamiliarity with the law. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *See also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (*Pro se* parties are normally accorded more leniency in the construction of their pleadings).

The undersigned has attempted to articulate and analyze Plaintiff's claims in an impartial manner consistent with providing appropriate leniency to *pro se* litigants while at the same time requiring compliance with applicable pleading and screening standards. To the extent Plaintiff is attempting to raise a claim not specifically addressed by the undersigned in this Memorandum and Recommendation, Plaintiff has failed to state such claim with sufficient factual detail or clarity to allow the claim to be identified, understood or analyzed by the Court.

Plaintiff is a black male.  He brings this action under Title VII of the Civil Rights Act of 1964 for employment discrimination in connection with his race, color and sex.  He alleges he was wrongfully terminated from his employment.  In his original complaint, he alleges jurisdiction is conferred by Title 42 United States Code, Section 2000e-5.  (D.E. 1). Plaintiff names Thompson Industrial Service LLC as the defendant in his original complaint.  However, in his "Added Amendment" he also names the business entities Clean Harbors Environmental and Steel Dynamic Inc. as Defendants. (D.E. 7).  Plaintiff does not clearly allege which of these entities was his employer, what the relationship is between these entities or which entity controlled his work.  Plaintiff also names several individuals as defendants. (D.E. 7).

Plaintiff alleges the discrimination began on January 5, 2023,[2] when Plaintiff and Ernest Mungia had a verbal altercation. The altercation involved Mr. Mungia slapping Plaintiff on the butt.  (D.E. 7, pp. 5-6).  On March 15, 2023, Plaintiff and Mr. Mungia were involved in another verbal altercation regarding a job assignment. This altercation escalated when Mr. Mungia and Michael Pena, presumably employees of Thompson Industrial, used racial slurs against Plaintiff, including the "N" word.  (D.E. 7, p. 2 & p. 7). Over the course of the next several weeks Plaintiff and Mr. Mungia continued to have verbal altercations, although Plaintiff does not allege these altercations involved additional racial slurs. On August 16, 2023, Mr. Mungia used the "N' word in front of Plaintiff referencing a person other than Plaintiff.  (D.E. 7, p. 15).  Plaintiff reported Mr. Mungia's

---

[2]Plaintiff was a new employee and January 5, 2023, was his first day on the job.

use of the racial slur to a supervisor on the same day. Plaintiff was later told not to report to work the next day because there was no work. (D.E. 7, p. 16). The next day, on August 17, 2023, Plaintiff resigned from his employment with Thompson Industrial because of racial slurs being used in the workplace. (D.E. 7, p. 16). Plaintiff further alleges Thompson Industrial took no action against the offending employees which is not appropriate even if Thompson Industrial considers this an isolated incident. (D.E. 7, p. 4).

## IV.   ANALYSIS

### A. Screening Under 28 U.S.C. §§ 1915(e)(2)(B)

When a party seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from an immune defendant). "In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendants are liable. *Id*.; *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

## B. Wrongful Termination

Title VII of the Civil Rights Act of 1964 prohibits discrimination by employers "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). To establish a prima facie case of discrimination under Title VII, the plaintiff must show: (1) he belongs to a protected class; (2) he was qualified for his position; (3) he suffered an adverse employment action; and (4) he was replaced by someone outside the protected class, or that other similarly situated persons were treated more favorably. *See Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007).

In the instant case, Plaintiff has alleged he is a member of a protected class based on his race, color and sex. While Plaintiff has alleged nothing about his qualifications, reading Plaintiff's complaint liberally, the undersigned construes Plaintiff's pleading to be that he was qualified for his position. Whether Plaintiff suffered an adverse employment action is more difficult because Plaintiff resigned. A resignation can only constitute an adverse employment action where that resignation amounts to a constructive discharge. *Brown v. Kinney Shoe Corp.,* 237 F.3d 556, 566 (5th Cir. 2001). "To prove a constructive discharge, a plaintiff must establish that working conditions were so intolerable that a

reasonable employee would feel compelled to resign." *Id.* (internal quotation marks omitted) (quoting *Faruki v. Parsons,* 123 F.3d 315, 319 (5th Cir. 1997)). "Discrimination alone, without aggravating factors, is insufficient for a claim of constructive discharge." *Id.* In evaluating whether a reasonable employee would feel compelled to resign, a court must consider whether the plaintiff experienced any demotions; reductions in salary or job responsibilities; job reassignments to menial or degrading work, or to a younger supervisor; badgering, harassment, or humiliation calculated to encourage resignation; offers of early retirement; or continued employment on terms less favorable than the employee's former status. *Id.* (quoting *Brown v. Bunge Corp.,* 207 F.3d 776, 782 (5th Cir. 2000)). Plaintiff's allegations are disturbing. However, Plaintiff has not alleged sufficient facts to state a plausible theory of constructive discharge. Plaintiff reported the racial slurs and then resigned the next day. Plaintiff has not alleged he previously reported the abusive conduct to management or that he gave management the opportunity to address the abusive language of his co-workers. Plaintiff has not alleged sufficient facts to state a claim for constructive discharge. Further, Plaintiff has not alleged he was replaced by someone outside the protected class or that other similarly situated persons were treated more favorably. The undersigned respectfully recommends Plaintiff's wrongful termination claim be dismissed.

### C. Hostile Work Environment

While Plaintiff has not used the words "hostile work environment" in his pleadings and it is unclear whether he raised such a claim before the EEOC, his complaint could be

construed as an attempt to raise such a claim. To establish a racially hostile work environment claim under Title VII, the plaintiff must prove that: (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment was based on race; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *Williams–Boldware v. Denton Cty.*, 741 F.3d 635, 640 (5th Cir. 2014). Plaintiff has not alleged any facts to suggest his employer knew or should have known of the harassment in question. Therefore, to the extent Plaintiff is seeking to raise a hostile work environment claim, such claim should be dismissed.

### D. Sexual Harassment

In Plaintiff's Original Complaint, he checks a box that he was discriminated against based on sex. (D.E. 1, p. 2). Under Title VII, employers may not discharge or discriminate against an individual based on the individual's sex. 42 U.S.C. § 2000e-2(a)(1). The inquiry is "whether the defendant intentionally discriminated against the plaintiff." *U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 715 (1983). To establish a sexual harassment claim based on hostile work environment, the employee must show: (1) that he belongs to a protected class; (2) that he was subject to unwelcome sexual harassment; (3) that the harassment was based on sex; (4) that the harassment affected a "term, condition, or privilege" of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt remedial action. *Harvill v. Westward Comm., L.L.C.*, 433 F.3d 428, 434 (5th Cir. 2005). A term, condition, or privilege of employment is

affected if the harassment is "sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment." *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 479 (5th Cir. 2008).

Plaintiff fails to provide a factual basis in any of his pleadings that would support a claim of discrimination based on sex. The only fact alleged by Plaintiff relevant to a claim of sexual harassment is that Mr. Mungia slapped Plaintiff on the butt at the end of a verbal altercation. (D.E. 7, p. 5). While this single incident of unwelcome conduct is clearly inappropriate in the workplace, Plaintiff has not alleged any facts that this conduct was based on sex. Additionally, Plaintiff has not alleged facts to indicate this single incident affected a "term, condition, or privilege" of employment. A single incident of this nature does not amount to a hostile work environment. Finally, Plaintiff fails to allege his employer knew, or should of known, of the harassment and failed to take corrective action. Plaintiff has failed to allege a claim of discrimination based on sex, therefore, the undersigned recommends this claim be dismissed.

### E. Defendant Clean Harbors' Motion to Dismiss

As set forth above, the undersigned recommends Plaintiff's entire case be dismissed on screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii). However, the Court may also wish to address Defendant Clean Harbors' motion to dismiss (D.E. 21), Plaintiff's response (D.E. 27), and Clean Harbor's reply (D.E. 29). Clean Harbors, in its well-briefed motion to dismiss, argues Plaintiff's claims should be dismissed for failure to state a claim under

Rule 12(b)(6) of the Federal Rules of Civil Procedure.[3] A dismissal made pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim is reviewed under the same standard employed for a Rule 12(b)(6) motion to dismiss. *See Newsome*, 301 F.3d at 231; *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011). Clean Harbors' motion to dismiss raises the same, and additional, reasons for dismissal as articulated by the undersigned in the analysis above. Plaintiff's response to the motion fails to address any of the grounds for dismissal raised by Clean Harbors. Additionally, Plaintiff has been given an opportunity to amend his complaint and was ordered to file a more definite statement. Plaintiff was also cautioned that his complaint was deficient for factual insufficiency and was granted several extensions to comply with the undersigned's order. Finally, Defendant Clean Harbors' motion to dismiss was filed on May 28, 2024 (D.E.21) and Plaintiff had over two months to consider the reasons for dismissal set forth in the motion before Plaintiff filed his "Added Amendment." Plaintiff has pleaded his best case. While acknowledging the use of racial slurs is unacceptable and should not be tolerated by any employer, the facts alleged by Plaintiff do not amount to a plausible claim under Title VII. Therefore, the undersigned recommends the Court grant Defendant Clean Harbors' Motion to Dismiss for failure to state a claim in accordance with Rule 12(b)(6).

### F. Co-worker Defendants

In Plaintiff's "Added Amendment" he lists the following persons: Louis Garcia, Michael Pena, James Cabler, Ernest Mungia, George Gomez, David Wiggians, Montana

---

[3] Clean Harbors also moves to dismiss pursuant to Rule 12(b)(5) for lack of service. (D.E. 21, p. 6). However, it appears Clean Harbors has been served. (D.E. 25).

Wiggians, and Matthew (LNU). (D.E. 7). The undersigned ordered Plaintiff to file a More Definite Statement in which he lists each defendant, explains what the defendant did to violate Plaintiff's rights and explain why this Court has jurisdiction. (D.E. 28, p. 2). Plaintiff has not identified clearly who these persons are or why is suing them. It is clear to the undersigned that Mr. Mungia is a co-worker who Plaintiff alleges used racial slurs against Plaintiff. It is probable that the other persons are also co-workers of Plaintiff or supervisors who worked with Plaintiff. However, Plaintiff has not complied with the Court's Order to explain who they are or why Plaintiff is attempting to sue them. Additionally, the undersigned cautioned Plaintiff that his claims against his co-workers were flawed and are subject to dismissal.

> Plaintiff has listed multiple individuals, along with several businesses, in his Amended Complaint. It is unclear as to whether Plaintiff is suing the individual Defendants in their individual and/or official capacities. "According to the Fifth Circuit, only employers, not individuals acting in their individual capacity who do not otherwise meet the definition of employers, can be liable under Title VII." *White v. Royal American Mgmt.*, No. 4:23-cv-792-P, 2024 WL 2805926, at *3 (N.D. Tex. May 15, 2024) (Dismissing individual defendants as there is no individual liability under Title VII and Plaintiff cannot not sue both her employer and individual defendants in their official capacities) (citations omitted).

(D.E. 28, p. 2). Plaintiff has not alleged any facts to raise a plausible claim that any of the individual defendants are liable to him under Title VII. Therefore, the undersigned recommends Plaintiff's claims against Louis Garcia, Michael Pena, James Cabler, Ernest Mungia, George Gomez, David Wiggians, Montana Wiggians and Matthew (LNU) be dismissed.

## V.      RECOMMENDTION

The undersigned recommends for purposes of screening that all of Plaintiff's claims be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) because Plaintiff fails to state a claim on which relief may be granted.  Additionally, the undersigned recommends the Court **GRANT** Defendant Clean Harbors' Rule 12(b)(6) Motion to Dismiss.  (D.E. 21).

ORDERED on August 27, 2024.

*Jason Libby*
Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).