United States District Court
Southern District of Texas
**ENTERED**
December 11, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOE HOLBERT, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:24-CV-00068 |
| § | |
| THOMPSON INDUSTRIAL SERVICE § | |
| LLC, *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Plaintiff's complaint (D.E. 1, 7, 36) for initial screening under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2),[1] and Defendant Clean Harbors Environmental's (Clean Harbors') Motion to Dismiss (D.E. 21). Plaintiff seeks to prosecute claims related to employment discrimination. On August 27, 2024, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (M&R, D.E. 38), recommending that Plaintiff's claims be dismissed on the basis of screening and that Clean Harbors' motion be granted.

Plaintiff timely filed his objections (D.E. 41) on September 10, 2024, attaching Clean Harbors' letter of termination (reciting his resignation) and the EEOC complaint. The next day, Plaintiff filed additional documents concerning his claim for unemployment

---

[1] The Court notes that this citation corrects typographical errors in the first citation in the M&R, which appeared as 8 U.S.C. §§1915(e)(2).

benefits. Clean Harbors responded to Plaintiff's objections. D.E. 45. Thereafter, without leave of Court, Plaintiff filed a pleading supplement in an attempt to better explain the facts underlying his complaint. D.E. 46.

The Magistrate Judge provided Plaintiff with multiple opportunities to better support his causes of action through an amended complaint and more definite statement. And Plaintiff could have offered any documents associated with his claims in response to Clean Harbors' motion. But Plaintiff failed to do so in a timely manner.

Generally, matters raised for the first time in objections to an M&R are not properly before the district court and are therefore waived. *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); *see also, e.g., Place v. Thomas*, No. 2-40923, 2003 WL 342287, at *1 (5th Cir. Jan. 29, 2003) (per curiam). Plaintiff has not explained why he did not provide the additional evidence and supplemental pleading prior to the Magistrate Judge's issuance of the M&R. The additional evidence and supplemental pleadings are untimely and improper and do not support a challenge to the M&R. Indeed, other than submitting them, Plaintiff does not provide any argument or authorities to show that they reveal any error in the M&R. The Court does not consider the late-filed documents and pleadings.

The M&R addresses each of Plaintiff's claims by detailing the elements of a prima facie case for each and setting out how Plaintiff's factual allegations fall short of fulfilling those elements. Therefore, the claims are not plausible under the pleading standards. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Plaintiff has not disputed the legal requirements for the claims and has not pointed out with

particularity any error in the M&R's analysis. Instead, he repeats the facts on which he bases the claims, which the Magistrate Judge found were insufficient to elevate the claim from coarse coworker treatment to his employer's discrimination or its tolerance of any hostility in the work environment.

District courts adopt a magistrate judge's findings of fact and conclusions of law so long as they are not clearly erroneous after a de novo review of matters that have been raised by a proper objection. Fed. R. Civ. P. 72(b)(3). An objection must point out with particularity the alleged error in the magistrate judge's analysis. Otherwise, it does not constitute a proper objection and will not be considered. Fed. R. Civ. P. 72(b)(2); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003); *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993) (finding that right to de novo review is not invoked when a petitioner merely re-urges arguments contained in the original petition). Plaintiff's objections merely rehash his arguments and are inadequate to show error in the M&R.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief may be granted under statutory screening and Rule 12(b)(6). In addition, Defendant

Clean Harbors' motion to dismiss (D.E. 21) is **GRANTED.**  This action is **DISMISSED WITH PREJUDICE** in its entirety.

    **ORDERED** on December 11, 2024.

                                                _____
                                                NELVA GONZALES RAMOS
                                                UNITED STATES DISTRICT JUDGE